NOAH SMITH, ESQ., and } *Assistant Judges.*
SAMUEL KNIGHT, ESQ., }

---

## STATE OF VERMONT.

*vs.*

## ANNICE.

State
vs.
Annice.

On an indictment for adultery with one E——.

*Farrand, Attorney for the State,* produced E——, as a witness to prove the fact.

*Buck, for Annice,* objected, that no person shall be allowed to testify his guilt or turpitude to convict another.

*By the Court.*—She ought not, in this case, to be admitted.

In the same cause reputation was offered in evidence to prove Annice's marriage.

Particeps was not admitted to testify.

*Court.*—In this cause, which is a criminal prosecution, reputation cannot be admitted. Though in an action on the case for *crim. con.* it might be admitted.

Reputation of a marriage not allowed.

*Verdict.*—NOT GUILTY.

---

STEDMAN *ex dem.* M'KENZIE,

*vs.*

J. PUTNEY.

Dec. adjourned term, 1789.

Ejectment for lands in Tunbridge, on the second division of the original right of ——.

Stedman ex dem M'Kenzie,
vs.
J. Putney.

M'Kenzie
vs.
J. Putney.

OBJECTION —
It does not appear by the proprietor's records that the proprietor's meeting was legally warned.

On trial to the jury, it was objected by the defendant's counsel, that it does not appear that the warning for the proprietor's meeting was published according to law ; and the clerk has not inserted that the proprietor's meeting was regularly warned. It is not, therefore to be presumed, nor proved *aliund*.

It is the better way to insert it ; but this is not conclusive.

*Court.*—The better way is for the clerk to insert the warning in the records, and that the same was published according to law. In which case it will be presumed to be so, *prima facie*.

As the publication is not a corporate act, other proof may be more conclusive.

But if it be ommitted, as the publication is not a corporate act of the proprietors, but something preparatory ; the records are not so conclusive as other proof. As to the publication itself in the papers, there is no office, no repository, to which application can be made on occasion. Witnesses may therefore be admitted to prove this point.

*Buck*, for the plaintiff, offered in evidence a vote of the proprietors, reciting a neglect of their committee to make return of the second division, and directing a completion.

*The defendant's counsel* objected, that the vote was passed since the commencement of this action.

If there was no title at the commencement of the suit, it cannot be aided by anything done afterwards

*Court.*—If there was no title at the commencement of the suit, it cannot, as to the purposes of this suit, be aided by any subsequent act.

Objection allowed.

*Buck*, on the part of the plaintiff, moved that he might be allowed to prove, by witnesses, the division, draught, and acceptance.

To which *Jacob* and *Farrand,* for the defendant, objected.

A propretary division under the Statute can be proved by the records only

*Court.*—Partition can be only by deed, or in the method pointed out by Statute. In the first case, it must be proved by the deed ; in the latter, by the pro-

prietor's records. You might as well prove a convey-
ance by parole evidence, as severance.

*Verdict*, NOT GUILTY.